IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PHILIP PARHAM, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:11-CV-502-MTT-MSH |
| CLINTON PERRY, et. al. | : | |
| | : | |
| Defendants | : | |

## ORDER

Plaintiff Phillip Parham, an inmate at the McEver Probation Detention Center in Perry, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. ▪ 1983 and has paid an initial filing fee of $ 26.33 as directed by this Court.   Plaintiff is obligated to pay the remaining $ 323.67 of the filing fee, as is directed later in this Order.   For this reason, the Clerk of Court shall send a copy of this Order to the business manager of McEver Probation Detention Center.

The Court has now reviewed Plaintiff's Complaint as required by 29 U.S.C. §1915A(a) and finds that he has failed to state a claim upon which relief may be granted. His Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. ▪ 1915A(a).   In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings, like the one in this

case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a district court will still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u> "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003); *see also* 28 U.S.C. § 1915A(b).

## ANALYSIS OF CLAIMS

The present action arises of out an alleged denial of medical care by prison officials. Plaintiff Phillip Parham alleges that he fell and suffered an injury while on work detail at the Macon State Prison warehouse on October 11, 2012. It appears that Plaintiff fell from a height of approximately twelve feet.[1] (Compl. at 5). According to the Complaint, the fall occurred "around 1:30p.m.," Plaintiff was taken to medical about twenty-minutes later, and he was examined by Defendant Robins[2] within an hour after the fall. (Id.) After examining Plaintiff's testicles, Defendant Robins gave Plaintiff Percogesic for pain. (Id.) He was then made to walk back to the warehouse. (Id.)

When Plaintiff returned to McEver Probation Detention Center later that day, he spoke with the McEver Superintendent, Defendant Clinton Perry Jr., and asked if he could see "medical" and receive "a bottom bunk profile." (Id.) Superintendent Perry allegedly told Plaintiff that he would help only if Plaintiff helped him "find cell phones in the facility." (Id.) Plaintiff was, nonetheless, seen by "medical" the following day, October 12, 2011. He was not permitted to see a doctor, but he was seen by "Head Nurse Beth Kaplan" and "Asst. Nurse Dennis McLeod." They gave Plaintiff "a two-day lay-in profile"

---

[1] The Complaint actually alleges that Plaintiff "*fell from 11' to 13' From top (3rd) shelf onto 2nd shelf stradled* [sic]. *Then fell to the bottom landing on my back and right side.*" (Compl. at 5)

[2] It is unclear whether Defendant Robins is a nurse or a physician's assistant. Plaintiff named "Nurse Mrs. Robins" as a Defendant in the caption of the Complaint, but refers to "P.A. Robins" in the body of the Complaint. The Court assumes that Plaintiff is referring to the same Defendant in both instances.

and "200 m.g. of Motrin." (Id.)   The lay-in profile was apparently ignored, as Defendant Lt. Dale Gary allegedly made Plaintiff go on a "wellness walk" on the following two days. Two weeks later, Plaintiff apparently asked Assistant Superintendent Malinda Anderson if he could be placed on the "inside detail [he] was denied," and she responded that "she was not concerned if medical did not approve the change." (Id.)

Plaintiff has now filed the present suit against all of these prison officials, the State of Georgia, the Georgia Department of Corrections, and McEver Probation Detention Center.   From the allegations, it appears that Plaintiff has attempted to state Eighth Amendment claims for inadequate medical care.   To state such a claim, however, Plaintiff would have to allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Specifically, a plaintiff must allege facts showing (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended; and (2) that a defendant was "deliberately indifferent" to that need.   *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000).   Plaintiff's Complaint fails to satisfy either prong.

Nothing in the Complaint suggests that Plaintiff suffers from an objectively serious medical need.   A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation omitted).   Though Plaintiff does allege that he fell from a height of more than ten feet, the allegations suggest that he suffered relatively minor injuries, which could be treated with mild pain relievers.   Plaintiff alleges that he was able to walk, and the facts do not suggest that a lay person would have easily recognized his

need for further medical attention. Nor do Plaintiff's allegations suggest that his injury posed any risk of harm if left unattended.

Even if the Court was to presume that Plaintiff's injuries constitute a serious medical need, Plaintiff has also failed to allege facts suggesting that any Defendant was deliberately indifferent to that need. A prison official is "deliberately indifferent" to an inmate's needs only if he has subjective knowledge of a risk of serious harm to the plaintiff and disregards that risk. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to the level of a constitutional violation. *Farrow*, 320 F.3d at 1243. "[M]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

Plaintiff's allegations do not demonstrate mistreatment of this magnitude. The allegations in Plaintiff's Complaint actually show that he was *not* denied medical treatment. Plaintiff was briefly examined after the fall and provided a pain reliever. He went to "medical" again the next day and was given another pain reliever and a "two day lay-in" profile. Unfortunately, the profile was not followed; however, Plaintiff was apparently able to "go on the wellness walk" and does not indicate that he suffered any further injury as a result.

## CONCLUSION

For these reasons, the Court finds that Plaintiff has failed to state an Eighth Amendment claim against any Defendant. Moreover, Plaintiff has named improper parties in his Complaint. The State of Georgia, the Department of Corrections, and the

McEver Probation Detention Center are not entities which may be sued under § 1983. *See* 42 U.S.C. § 1983; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989). Plaintiff's Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

As previously noted, however, the dismissal of this Complaint does not relieve Plaintiff of the obligation to pay the remainder of the filing fee. *See* 28 U.S.C. § 1915(b). Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. *Id.* The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

Filing fees paid are not refundable, regardless of the outcome the case. It is thus **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of this lawsuit or the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance due on the filing fee until it has been paid in full.   If Plaintiff is released from custody and fails to remit payments, collection of any balance due shall be authorized by any means permitted by law.

**SO ORDERED**, this 18th day of April, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr